IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN E. DURANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2716-K-BN |
| | § | |
| KEN PAXTON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bryan E. Durant filed a *pro se* complaint against Defendant Ken Paxton related to enforcement of a child support order from the Province of Quebec in Canada. *See* Dkt. No. 3. And United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Durant paid the statutory filing fee and, by doing so, undertook the obligation to (1) properly serve the defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See, e.g.*, FED. R. CIV. P. 4(e) (setting forth procedures for serving individuals); FED. R. CIV. P. 4(j) (setting forth procedures for serving state and local governments); *see also* FED. R. CIV. P. 4(d) (procedures for requesting that certain non-governmental defendants waive service); *but see Moore v. Hosemann*, 591 F.3d 741, 746-47 (5th Cir. 2009) (state official sued in official capacity not subject to "mandatory waiver obligations" of Rule 4(d)).

On December 11, 2024, the Court issued an order informing Durant of his obligation to effect service and that, under the Federal Rules of Civil Procedure, his deadline to effect service and to file proof of service in accordance with Federal Rule of Civil Procedure 4(*l*) or an executed waiver of service was January 27, 2025. *See* FED. R. CIV. P. 4(m).

And, on December 12, 2024, Durant filed a document that he purported was an affidavit of service. *See* Dkt. No. 5. The document consisted of a copy of the complaint without the case number and with a header for state district court and emails indicating that Durant had submitted documents through an electronic submission system for the Texas Office of Attorney General ("OAG"). *See id.* On January 8, 2025, Durant filed a second document purporting to be a certificate of service that consisted of a receipt from the United States Postal Service ("USPS") and a certified mail receipt with the address of the OAG. *See* Dkt. No. 6. Although it appears Durant paid for a return receipt, no return receipt has been filed to date. And Durant has not requested any summonses from the Court and has not provided an affidavit of service that meets the requirements of Federal Rule of Civil Procedure 4(*l*) or any executed waiver of service.

**Discussion**

Federal Rule of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct.

9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper service," *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19cv158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-00053-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing *Kersh*, 851 F.2d at 1512)), *rec. accepted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is

impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court provided Durant notice and also directed him to the provisions of Rule 4. *See* Dkt. No. 4. Yet, Durant failed to effect proper service in the time allowed by the relevant rules.

Rule 4(c) requires a plaintiff to serve a copy of the complaint and a summons on defendants through a non-party. FED. R. CIV. P. 4(c). But Durant has not requested any summons from the Clerk of Court, and it is not clear from his filing that he even provided a copy of the complaint that included the case number or sufficient information to inform the OAG that the case was filed in federal district court rather than the state court. *See* Dkt. No. 5.

It appears that the filing was submitted to the OAG electronically and then by certified mail. *See* Dkt. Nos. 5, 6. But however the documents were purportedly served, Durant did not file proof of service by server's affidavit as required under Rule 4(*l*). FED. R. CIV. P. 4(*l*); *see also* FED. R. CIV. P. 4(c)(2) (requiring service by person who is not a party).

And as to the method of service, "[s]ervice by mail is not expressly permitted by Federal Rule of Civil Procedure 4." *Caceres-Mejia v. Watson*, 718 F. App'x 307, 309 (5th Cir. 2018) (per curiam); *see also Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) (noting that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345

(5th Cir. 1993))). Similarly, electronic service is not expressly permitted by Rule 4. *See* FED. R. CIV. P. 4(e); FED. R. CIV. P.4(j).

Still, "an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caceres-Mejia*, 718 F. App'x at 309 (quoting FED. R. CIV. P. 4(e)(1)); *see also* FED. R. CIV. P. 4(j)(2)(B) (providing for service of state governments "in the manner prescribed by that state's law for serving a summons or like process on such a defendant").

And Texas law does contemplate the use of mail – more specifically, Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a) ("Unless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition."). Texas law only allows service through other methods, including electronic service, by court order upon a motion with a sworn statement showing that service was attempted through the authorized methods but was unsuccessful. *See* TEX. R. CIV. P. 106(b).

And, as to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may

serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis provided by *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

Texas law also requires that particular information be included in the return of service, such as the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at *3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)).

And, although there are provisions in state law that relate to the establishment of a means for submitting a request for assistance to the child support division of the OAG, *see* TEX. FAM. CODE § 231.002(g)(2), or providing notice to the OAG when the state, a state agency, or a party that might be represented by the OAG is sued, *see* TEX. CIV. PRAC. & REM. CODE § 30.004, those notice provisions do not satisfy the requirements for service of process on the named party, *see, e.g.*, *id.* § 30.004(c).

In sum, the documents filed by Durant – providing vague information indicating that documents were sent to the OAG by Durant himself through certified mail and electronically – indicates that he failed to properly effect service under

either the Federal Rules of Civil Procedure or Texas law. The Court should therefore dismiss this lawsuit without prejudice under Rule 4(m).

But, affording some leniency, given his *pro se* status, the time to file objections to this recommendation (explained below) provides Durant the opportunity to show, in writing, both (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 4(m) unless Durant shows good cause not to do so.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 25, 2025

                                                  _____
                                                  DAVID L. HORAN
                                                  UNITED STATES MAGISTRATE JUDGE